IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK BADEN, JR., | * | |
| Plaintiff, | * | |
| v. | * | |
| CAROLINE COUNTY PUBLIC SCHOOLS, | * | Civil No. RDB-16-335 |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### STIPULATED AGREEMENT AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

IT IS HEREBY STIPULATED AND AGREED, between and among Mark Baden, Jr. ("Plaintiff") and Caroline County Public Schools ("Defendant"), through their respective counsel of record and pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court:

1. This Stipulation follows discovery requests for confidential personnel and other confidential information pursuant to requests for documents and interrogatories. The parties hereby agree to produce certain documents for copying and review and answers to Interrogatories under this Protective Order.

2. "Confidential Information" means information in written, oral, electronic, graphic/pictorial, or other form, whether a document, information contained in a document, information revealed during a deposition, hearing, or trial, or revealed in a discovery response that is:

    (a) Marked as "CONFIDENTIAL" by the Producing Party prior to its production, and

(b) Constitutes or contains confidential information of Defendant's current and former employees or its business information, operations, or confidential information relating to Plaintiff, or that should otherwise be kept confidential. The designation shall be made by marking each such document as "Confidential Information" or by stating in the Interrogatory answer that information will be provided pursuant to a stipulation regarding confidentiality.

3. "REQUESTING PARTY" shall mean the party that requests that the Producing Party produce or otherwise provide information or documents to the Requesting Party.

4. "PRODUCING PARTY" shall mean the party that provides information or documents to the Requesting Party, including its attorneys, agents, and any other person or entity acting on its behalf, and any other person or entity responding to a request, subpoena, deposition question or otherwise for Confidential Information.

5. "CONFIDENTIAL INFORMATION" shall not, without the prior written consent of the party who is not the Requesting Party, be shown, disclosed to, or otherwise made available ("Disclosed") to any person or entity other than: (a) the Court; (b) the parties; (c) the legal counsel for the parties and the individuals and organizations assisting with this case; (4) where a party does not have legal counsel, the individuals or organizations assisting the party with this case; and/or (5) expert consultants and expert witnesses consulted or retained for purposes related to this case, so long as the purpose for which such documents or information are used is reasonably necessary to prepare for prosecution or defense of the case, or trial or appeal. The Requesting Party and its counsel shall not make copies of any Confidential Information, or portion thereof, given to them pursuant to this Stipulation except for use in this litigation. In the event that a party wishes to use any Confidential Information in any paper filed in court in this

litigation, such paper or part thereof containing the Confidential Document or information shall be filed under seal and maintained under seal by this Court.

6. If Confidential Information is to be Disclosed to any person or entity in compliance with Paragraph 5, such person or entity shall first sign a copy of Exhibit A. If requested, the party shall certify in writing that such persons/entities have executed Exhibit A.

7. The following procedures shall be followed if Confidential Information of a Producing Party is to be Disclosed in a deposition:

(a) The Producing Party shall have the right to exclude from attendance at the deposition, during such time as Confidential Information is to be Disclosed, any person other than the deponent, the deponent's counsel and experts, the parties (including the representative of the Defendant), and the parties' counsel and experts.

(b) The deposition transcript or any portion containing Confidential Information shall be designated as "CONFIDENTIAL," by a request to the court reporter and opposing counsel within twenty days after the deposition. The court reporter shall indicate on the cover page of the transcript that the transcript contains Confidential Information and shall list the page and line numbers of the transcript on which the information is contained; those pages shall be kept separate from the remainder of the transcript.

8. Before any party shows, gives, discloses or otherwise makes available Confidential Information during any hearing or proceeding, that party shall give advance written notice to the opposing party regarding such plans or intention.

9. Disclosure of Confidential Information shall be solely for the purposes of litigating this case; information so disclosed shall not be used for any other purpose.

10. Should a party desire to challenge a designation of confidentiality, it must do so in writing to the opposing party or attorneys. If the issue cannot be resolved between the parties, the party asserting that the information should be designated as or remain Confidential Information may file a Motion under Seal with the Court seeking its ruling. The party opposing the designation of Confidential Information may file a Motion under Seal with the Court; the burden of establishing the necessity of Confidential Information status shall be on the party asserting that status. The document will retain the designation of Confidential Information unless the Court rules that the designation is to be changed or eliminated.

11. Within sixty days after the conclusion of this action and all appeals, all originals and reproductions of Confidential Information, and all documents quoting or paraphrasing such information, excluding attorney work product, shall be returned to the opposing party. All notes, memoranda, summaries or other documents in the possession, custody or control of the Requesting Party referring to or describing Confidential Information received from the Producing Party shall be maintained in confidence subject to all the provisions of this Stipulation. The Clerk of the Court will return to the respective parties any materials submitted under seal at the conclusion of this action.

12. After the conclusion of this action, the restrictions on disclosure in this Protective Order shall continue to be binding upon the parties and all other persons who are or who have agreed to be bound by this Protective Order. The Court retains jurisdiction following the conclusion of this action to enforce this Protective Order and to make such amendments and additions to this Protective Order as the Court may from time to time deem appropriate.

13. Disputes arising under this Protective Order shall be resolved by the United States District Court for the District of Maryland.

14. The obligations under this Agreement shall commence on the date the Agreement is executed by counsel for both parties. The restrictions imposed by this Protective Order may not be terminated, except by written stipulation executed by counsel for the Parties or order of the Court. Termination of this action shall not automatically terminate this Protective Order.

15. The restrictions stated herein may be extended to additional documents by agreement of the parties, filed in this Court, without further order.

_Mark Baden Jr._ 5/23/16  _[signature]_ 5/26/16
Mark Baden, Jr.         (Date)   Steven D. Frenkil         (Date)
8388 Gannon Circle               Miles & Stockbridge P.C.
Easton, Maryland 21601           100 Light Street
                                 Baltimore, Maryland 21202
(443) 235-3650                   (410) 385-3758
                                 (Fed. Bar No. 00087)
PLAINTIFF                        COUNSEL FOR DEFENDANT


SO ORDERED this 2nd day of _June_, 2016:

_[signature]_
U.S. District Judge